## MACK KEETON *v.* THE STATE.

BILLS OF EXCEPTION, to be considered for any purpose on appeal, must be prepared and certified during the term of the trial court at which they are taken. But, if the trial court, by special order entered of record during the term, allows the statement of facts to be prepared and filed within ten days after the adjournment, as it may now do, exceptions to evidence admitted over objection may be embodied in it. See the opinion for a collocation of the Rules of Court and statutory provisions which control this matter.

APPEAL from the District Court of Freestone. Tried below before the Hon. L. D. BRADLEY.

The indictment presented in the District Court of Freestone county, on the 19th day of April, 1881, charged the appellant with the murder of Kete Keeton, on the 18th day of the same month. On the 29th day of the same month he was brought to his trial, found guilty of manslaughter, and was awarded by the jury a term of four years in the penitentiary.

The testimony discloses in substance that a party of negroes, including the deceased and the defendant, were returning to their homes in the country, from court, late in the evening of April 18th, 1881. All had been drinking, and some of them at least were under the influence of liquor. The deceased and the defendant got into a dispute about the running qualities of certain horses, and finally dismounted from their horses and engaged in a fight. They were separated once, but presently renewed the fight, the deceased throwing the defendant. The two fell together, but struggled to their knees. The deceased on releasing the defendant and getting up said that he was cut. It was discovered that he was stabbed in the abdomen, from which wound he died an hour or two later. Defendant and deceased were brothers.

No brief for the appellant.

*Horace Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. This is a case of fratricide upon a sudden quarrel, resulting in a succession of personal conflicts and culminating in appellant's inflicting a mortal stab with a knife, from which his brother died in a very short time. Only one question is raised by the record which it is considered important to notice, and that is one of practice.

Quite a number of exceptions appear to have been reserved and noted during the trial, but the bills embodying them were not prepared, presented to and signed by the judge at the time. By an order entered of record, as provided by statute (Rev. Stats. art. 1379), the parties were granted ten days after adjournment of the term, to make up and file the statement of facts. Adjournment of the term occurred on the 30th day of April; the statement of facts was presented to and signed and certified by the judge on the 10th of May. At the same time (to wit, 10th of May) the bills embodying the exceptions reserved at the trial were presented to and signed by the judge, and that is the date of their allowance and authentication.

The question is, will bills of exception not taken and certified during the term be considered for any purpose when found in the record on appeal, even though allowed and attested by the judge ? A negative answer must follow from the clear and unmistakable language of both the rule of court and the provisions of the statute. Rule 60 for the government of the District Court is in these words: "When exceptions are made to the admission or exclusion of evidence on the trial before the court or before the jury, the exceptions will then be decided after such argument as the court may allow, and a memorandum of the point ruled will then be made by the judge if the bills of exception are not then prepared and signed, which ordinarily should be done, *and must be done during the term.*"

If we turn to the statutes we find in chapter sixteen, entitled "Bill of exceptions" (Revised Statutes), the following provisions, viz.:

Art. 1363. "It shall be the duty of the party taking any bill of exceptions to reduce the same to writing and present the same to the judge for his allowance and signature *during the term and within ten days after the conclusion of the trial.*"

Art. 1364. "It shall be the duty of the judge to submit such bill of exceptions to the adverse party or his counsel, if in attendance on the court, and if the same is found to be correct it shall be signed by the judge without delay, and filed with the clerk *during the term.*"

Thus it will be seen that it is imperative that the bill of exceptions should be filed *during the term and within ten days after the conclusion of the trial,* should the term last so long. There is, we apprehend, only one exception to the rule that exceptions to rulings upon evidence will not be considered where a bill of exceptions is not filed during the term, and that is where "exceptions to evidence admitted over objections made to it on the trial may be embraced in the statement of facts in connection with the evidence objected to." Rule 56 for the District Court. If exceptions to evidence appear in the statement of facts, they will be considered without any bill of exceptions. *Howard* v. *North,* 5 Texas, 290; *Cooper* v. *State,* 7 Texas Ct. App. 194; *Castanedo* v. *State,* 7 Texas Ct. App. 582.

Had the exceptions to the evidence been made to appear in the statement of facts in connection with the evidence objected to, then they would have been entitled to consideration notwithstanding they were not filed during the term, because the law allows the statement of facts to be made up, under a special order entered during the term, and filed in vacation, not exceeding ten days after adjournment. Rev. Stats. art. 1379. In the case before us the exceptions are not noted in the statement of facts, but are presented solely in independent bills, signed by the judge on the 10th day after the adjournment of the term. By all the rules they are not available for any purpose on appeal, even if worthy of consideration had they been properly taken. Over and above the matters stated in the bills of exceptions, there is nothing in the record requiring discussion. Having been found guilty of man-

slaughter, the first special instruction requested for defendant ceases to be of any importance. The other special instructions, so far as they presented the law and were applicable to the facts, had been superseded by the general charge, which was a full and able exposition of the law. There being no error the judgment is affirmed.

*Affirmed.*